ALFRED H. HAZLEY, RELATOR, v. THE MAYOR AND
ALDERMEN OF JERSEY CITY AND FRANK HAGUE,
MICHAEL I. FAGAN, WILLIAM B. QUINN, JOHN BEG-
GANS AND ARTHUR POTTERTON, MEMBERS OF THE
BOARD OF COMMISSIONERS OF JERSEY CITY, RE-
SPONDENTS.

Submitted May 15, 1931—Decided November 12, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the relator, *John Milton.*

For the respondents, *Thomas J. Brogan (Frank J. Reardon,* of counsel).

PER CURIAM.

This is a rule to show cause, directed to Jersey City, requiring it to show cause why a writ of *mandamus* should not issue commanding Jersey City to issue a permit to Alfred H. Hazley for the erection of three one-story brick buildings to contain sixty-four individual garages on property of Hazley in Jersey City.

The proofs indicate that the three buildings would in effect constitute one property containing sixty-four individual garages (and a caretaker's apartment) one story in height and of brick, with concrete base and asphalt roof, the garages being separated from one another either by an eight-inch concrete wall or a four-inch concrete block wall, and occupying, all told, about twelve thousand square feet of land, owned by the relator, which land appears to be in the rear of lots of other owners fronting upon Fowler and other avenues, reached by a driveway from Fowler avenue, and being approximately in the center of a block bounded by Fowler avenue, McAdoo avenue, Sterling avenue and Stevens avenue.

The application for the permit was made on July 15th, 1930, and was denied on August 19th, 1930, for the reason that the land in question was "zoned for residential purposes and that the said garages would create a commercial proposition in such residential neighborhood, and further that said garages would be detrimental to the health, welfare and public safety of that community.

We think that the decision of the board of commissioners should be sustained. The zoning ordinance of March 21st, 1922, zoned the land in question as a residential section and prohibited the erection therein of a group of garages such as was proposed.

But the relator says that the ordinance was unconstitutional depriving the relator of his property without compensation. We think not. .

The ordinance of 1922 in force at the time the application in question was made, must be given effect in view of the constitutional amendment of September 20th, 1927, and of chapter 274 of laws of 1928, as a valid exercise of the police power and a reasonable enactment in the interests of health, welfare and public safety. The decision of the board of commissioners to the effect that the buildings in question would be detrimental to public welfare and safety seems justified in view of the fact that the land in question is not only zoned as a residential section, but the street fronts surrounding the land in question seem to be to a considerable extent built and lived upon.

The application for *mandamus* will be denied and the rule to show cause discharged, with costs; with permission given to the relator to mould the pleadings for the purpose of review, if a review is desired.